AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__Roderick Davis__
*Defendant*

ORDER OF DETENTION PENDING TRIAL

Case Number: __13-30162__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  [ ] federal offense  [ ] state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the  [ ] date of conviction  [ ] release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
MAR 15 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  [x] clear and convincing evidence  [ ] a preponderance of the evidence that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__3/15/2013__
Date

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# Roderick Davis Order of Detention

Defendant is 40 years old, and is charged by way of criminal complaint with Felon in Possession of a Firearm. His ties to this district are transient. He has been here for the past two months living with a girlfriend. Prior to that, he has been in Oklahoma City, Oklahoma, since 2002. He stated that if given a bond, he would prefer to return to Oklahoma City. His family ties to this district consist of three sisters. He has been unemployed for the past year, and states that prior to that he was employed with a janitorial service in Oklahoma City for 8 months. It is unclear if he was incarcerated immediately prior to that point. His most recent criminal history is somewhat sketchy in that it appears that on March 8, 2007 Defendant was sentenced following a conviction of Distribution of a Controlled Substance with Intent to Distribute to 10 years custody in the Oklahoma Department of Corrections. Confirmation has not yet been obtained as to whether or not this Defendant is currently on parole or under state supervision in Oklahoma. One could conclude that he was released from custody in approximately 2010, based upon his employment history, but this has not been confirmed. If so, Defendant's travel to this district two months ago is a concern. If he is under parole supervision, it is likely that with the application of the enhancements that he would be facing a 15 year mandatory minimum.

Defendant's criminal history is significant. He was convicted of Assault with a Dangerous Weapon in 1993 and on August 30, 1993 he was sentenced to 365 days in jail.

On March 30, 1994, only six months later, Defendant was convicted of Possession of a Controlled substance, Heroine, Cocaine, or Another Narcotic, and he was sentenced to lifetime probation. On April 10, 2002 Defendant violated his probation and was sentenced to 124 days in jail and he was discharged from probation.

On January 3, 1996 Defendant was convicted of Felony Deadly Conduct, Discharging a Firearm at an Individual, and was sentenced to 10 years with the Texas Department of Corrections.

Then on March 8, 2007 following Defendant's conviction of Distribution of a Controlled Substance with Intent to Distribute, he was sentenced to 10 years custody in the Oklahoma Department of Corrections, as mentioned above.

The instant charges stem from an arrest on March 12, 2013 in Pontiac, Michigan, where Defendant was arrested on a traffic stop and was found to have in his possession a loaded .45 caliber Semi-automatic Pistol.

Pretrial Services finds that Defendant is a danger to the community based upon the nature of the instant alleged offense, the Defendant's criminal history, which includes four prior convictions for assault with a dangerous weapon, drugs, and a prior probation violation. This Court agrees that this Defendant poses a danger to the community for the reasons stated in the Pretrial Services Report and Recommendation.

There is no condition, or combination of conditions, which would assure the safety of the community. Detention is therefore Ordered.